IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT   9 2006

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | |
|---|---|
| WILLIAM J. USITALO, | § |
| | § |
| **Plaintiff** | § |
| | § |
| | § |
| vs. | § |
| | § Civil Action No. _____ |
| JAMES R. EDDINGS and, | § |
| GALT MEDICAL CORP. | § **3 0 6 - C V - 1 8 4 0 B** |
| | § |
| **Defendant** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

*TO THE HONORABLE JUDGE OF SAID COURT:*

COMES NOW, WILLIAM J. USITALO, hereinafter called Plaintiff, and files this his

Original Complaint, complaining of JAMES R. EDDINGS ("Eddings") and GALT MEDICAL,

CORP., a Texas corporation ("Galt"), hereinafter together called Defendants and for his causes

of action would show the Court as follows;

### Parties

1. Plaintiff is an individual who resides at 2540 Kings Gate Drive, Carrollton, Texas 75006.

2. Defendant JAMES R. EDDINGS is an individual who may be served with process at 2220
Merritt Dr., Garland, Texas 75041-6146.

3. Defendant GALT MEDICAL CORP. is a Texas corporation who may be served through
its President JAMES R. EDDINGS at 2220 Merritt Dr., Garland, Texas 75041-6146.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action under 17 C.F.R. §240.10b-5 as

further asserted in the body of these pleadings. Plaintiff asserts that he was the victim of a

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 1 of 8

device, scheme or artifice to defraud or other violation of said statute arising out of a joint

venture of Plaintiff and Eddings in early 1990 commenced with a telephone call from Eddings

and letters sent through the U.S. mail at that time whereby Eddings and Plaintiff started their

joint venture which continued up until the time in 1996 when Plaintiff received an option (the

"Option") for the purchase of stock of Galt, i.e., a security under 17 C F R §240.10b-5 of the

United States Code, and until August 2, 2006 when Galt and Eddings refused to honor the

Option.

All parties reside or conduct business in Dallas County, Texas. This Court has personal

jurisdiction over Defendants and venue is proper in this Court under 28 U.S.C. § 1391(b). The

Court has supplemental or pendent jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims

made herein under state and common law because the claims are so related to the claims within

the Court's original jurisdiction that they form part of the same case or controversy under Article

II of the United States Constitution.

### Factual Background

5. In 1990 Eddings approached Plaintiff and asked him to join him as a principal in a joint

venture for the purpose of starting up a new medical device company.  In furtherance of the

joint venture on or about March 22, 1990 Plaintiff provided a quote to Eddings for four coil

winding machines of a type which he had previously designed and manufactured with a cash

price plus a stock share proposal in the company to be formed. On or about April 30, 1990

Eddings presented a counter proposal at a much lower price with options of taking the price of

the machinery in cash or stock and Eddings said "I am confident that the ultimate value.to you

by our current and continuing relationship under my proposal will be much greater than you can

imagine". The company which was formed in February 1991 by Eddings was named Galt Medical Corp. Plaintiff did work for Eddings as an independent contractor in the joint venture prior to Galt's formation and thereafter at all times relying on the fairness and honesty of Eddings in rewarding Plaintiff as promised with equity in Galt. However, later in 1991 Eddings puts that work on hold pending the raising of additional capital for Galt.

In 1995 Plaintiff continued his joint venture with Eddings and Galt doing some work for Galt as an independent contractor. In early 1996 Galt acting through Eddings, who is the sole director and officer of Galt at all times relevant hereto, approaches Plaintiff and hires Plaintiff as an employee of Galt. In consideration of Plaintiff taking a much reduced salary Galt also gave to Plaintiff annual options for the purchase of stock of Galt at $1.00 per share plus the Option for another 20,000 shares at an exercise price of $2.00 per share to be triggered when the Galt shares would be sold. Eddings represented and promised to Plaintiff that he would be able to pay the exercise price of the Option and sell said shares and profit from the sale along with all other stock holders of Galt at the time of sale of the shares. There was never any discussion that the stock Option had any termination date and the total agreed consideration for the Option was paid when Plaintiff accepted his employment and the Option was thereby fully vested. Eddings from the start of the joint venture with Plaintiff had said that he had given others similar options in another company he had formed and sold and that those persons had become rich people in that manner.

Plaintiff would show this Court that in furtherance of the transactions Eddings contacted Plaintiff by phone and thereafter on one or more other occasions to arrange meetings to discuss the commencement of the joint ventures in which he made fraudulent representations to Plaintiff.

PLAINTIFF'S ORIGINAL COMPLAINT                                              Page 3 of 8

In addition Plaintiff's employment and activities in furtherance of the transactions involved the design and manufacturing of equipment sold by Galt in interstate commerce and the transactions and ownership of the Option was related to stock in a company involved in interstate commerce.

Galt from the date of its formation until August 2, 2006 and maybe thereafter was always operated as the alter ego of Eddings. No shareholder meetings were ever noticed or held and no financial information on Galt was ever delivered to any shareholder annually as required by law. All decisions concerning issuance of shares and options from time to time were made solely by Eddings without any advice to existing shareholders as a group, Eddings never sought or obtained approval of his actions and decisions by shareholders, continuing up unto and including the time of the sale of all Galt shares and derivative rights including phantom shares and option shares on August 2, 2006. In fact in months leading up to the closing Eddings and Galt continued to defraud and deceive and lead Plaintiff on by suggesting and alluding to him that his shares would be increased to recognize his contributions made to the joint ventures. In fact, as shown by his deceit, Eddings never had any intention of delivering on these promises, though he was in total control at all times of that decision, as always. This was likely done as Eddings wanted Plaintiff to continue to work for Galt in accomplishing unique work and services leading up to the closing including the moving of the Galt offices and manufacturing facilities. On August 2, 2006 Galt's stock and certain derivative type equities were sold to a publicly traded company, Theragenics Corporation, for a considerable profit for all stock holders and holders of derivative rights. The value of the 20,000 shares of Plaintiff at the time of the sale, less the purchase price of $2.00 per share, would have netted Plaintiff approximately $150,000.00 if his Option had been honored. Plaintiff demanded the Option be honored and

Defendants asserted and still assert, despite Plaintiff's demands, that the Option terminated on or

about October 10, 2002 and that Plaintiff's rights to the shares then expired. Plaintiff denies that

Galt could terminate the Option on October 10, 2002 and would show that if he had been told

that there was an expiration on the stock Option or any right to vary it's original terms that he

would not have agreed to a lesser salary than he was entitled to in 1996 and up to and through his

employment that ended on or about October 10, 2001, all to his damage in the sum of at least

$150,000.00 of lost salary. At all times since the Option was given to Plaintiff in 1996 it was

fully vested and non-revocable by it's terms and not required to be exercised except on the sale

of the shares of Galt closed on August 2, 2006. Plaintiff did not suffer any damages from the

ultimate denial of exercise of the fully vested Option he received in 1996 until August 2, 2006.

### Causes of Action

6. **10b-5 Violations;**   Plaintiff would show that the stock Option promised to Plaintiff as

part of his employment package in 1996 was a security and that Defendants' actions in denying

him his pay, which included the benefits of the stock Option, is a violation of Rule10b-5 (17

C.F.R. §240.10b-5). Defendants actions constitute a device, scheme or artifice to defraud

Plaintiff who relied thereon and the making of untrue statements of material facts or the omitting

to state material facts necessary in order to make the statements made, in the light of the

circumstances under which they were made, not misleading and the act, practice, or course of

business which Defendants employed in its operations would operate as a fraud or deceit upon

any person. Plaintiff would show that Defendants used an instrumentality of interstate

commerce or the mails in carrying out the violations of 10b-5 asserted herein. Plaintiff would

show that these actions were done knowingly and intentionally to benefit Defendant Eddings and

his family and friends and his family limited partnership, Kiam Enterprises, each of who profited in the tens of millions of dollars from the sale of Galt shares after unfairly using Plaintiff's skills and work products under false promises and deceit related to the Option and other transactions of Galt as the alter ego of Eddings.

7. **Common Law Fraud;** Plaintiff would show that the actions of the Defendants also constituted common law fraud and he incorporates all of the above pleadings and assertions in bringing this cause of action. Defendants promised and represented to Plaintiff that he would be entitled to 20,000 shares of Galt Medical Corp. at an Option exercise price of $2.00 per share upon the sale of Galt shares to any third party. This Option was given as salary and compensation in exchange for Plaintiff's agreement to accept lesser cash salary he otherwise would have been entitled to and would have charged for his services in 1996. Plaintiff relied on these promises and representations of the Defendants to his detriment and damage in the sums set out above.

8. **Breach of Duty of Good Faith and Fair Dealing;** Plaintiff would show that through their dealings with one another the Plaintiff and Defendants developed a special relationship that was more than a mere employer/employee relationship. Plaintiff was induced by the Defendants to trust Eddings and to rely on his friendship and his honor and his business expertise to follow through with the oral promises and representations which induced Plaintiff to work for a sum of money far below what would have been his normal salary and compensation for years. Defendants' failure to honor the Option and his attempt to declare that the Option was terminated before the sale of Galt shares was a breach of said duty of good faith and fair dealing for which Plaintiff seeks recovery in the sums set out above.

PLAINTIFF'S ORIGINAL COMPLAINT         Page 6 of 8

9. **Breach of Fiduciary Duty;** Plaintiff would show that through his association with the Defendants and the subsequent agreements to share profits based on stock ownership in the place of salary, that a fiduciary relationship developed and existed between the Plaintiff and Defendants. Plaintiff would show that the Defendants breached their fiduciary duties owed to Plaintiff by failing to follow through with their promises and representations and by taking advantage of Plaintiffs inferior bargaining position and knowledge of the inner workings of Galt concerning agreements for stock purchases and transfers. Defendants owed a duty of full disclosure to Plaintiff which they breached and a duty to properly evidence Plaintiff's rights to the 20,000 shares on the books and records of the corporation, all to Plaintiffs damage as set out above.

10. **Breach of Contract;** In the alternative, Plaintiff would show that Defendant Galt has breached its contract with Plaintiff by failing to honor Plaintiff's Option rights.

11. **Attorney's Fees;** Plaintiff would show that he is entitled to Attorney's fees herein through each stage of these proceedings.

12. **Exemplary Damages;** Plaintiff would show that he is entitled to exemplary damages herein because the actions of the Defendants were done intentionally, with malice and fraud.

13. **Demand for Jury Trial;** Plaintiff demands a jury trial.

14. **Demand for All Other Relief;** Plaintiff demands all other relief in law and in equity to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and upon trial that he have judgement as follows;

1. Actual damages
2. Attorney's fees

PLAINTIFF'S ORIGINAL COMPLAINT _____ Page 7 of 8

3. Exemplary damages
4. Pre and Post Judgment interest
5. Costs of Court
6. Such other remedies available to Plaintiff at law or in equity.

Respectfully submitted,

**THE ROBINSON LAW FIRM**
2704 Sherrill Park Ct.
Richardson, Texas 75082
972.918.0007 Office
972.918.9995 Fax

MICHAEL E. ROBINSON
Texas State Bar No. 17102700

JS 44
(Rev. 3/99)

ORIGINAL

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 4:20

## I. (a) PLAINTIFFS

William J. Usitalo

## DEFENDANTS

James R. Reddings + Galt Medical Corp.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

OCT 9 2006

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E Robinson
2704 Sherrill Park ct
Richardson, Tx 75082
972-918-0007

ATTORNEYS (IF KNOWN)

## 3 06 - CV - 1840B

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** / **SOCIAL SECURITY** | ☒ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability |  | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations / ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act / ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

17.CFR 240.10b-5   Fraud in Securities Transaction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE  10/09/06

SIGNATURE OF ATTORNEY OF RECORD   Michael E Robinson

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____