IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM J. USITALO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 3:06-CV-0442-N |
| | § | |
| JAMES R. EDDINGS and, | § | |
| GALT MEDICAL CORP. | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

*TO THE HONORABLE JUDGE OF SAID COURT:*

COMES NOW, WILLIAM J. USITALO, hereinafter called Plaintiff, and files this his First Amended Original Complaint, complaining of JAMES R. EDDINGS, and, GALT MEDICAL, CORP., hereinafter called Defendants, and for cause of action would show the Court as follows;

**Parties**

1. Plaintiff is an individual who resides at 2540 Kings Gate Drive, Carrollton, Texas 75006.

2. Defendant JAMES R. EDDINGS is an individual who may be served with process at 2220 Merritt Dr., Garland, Texas 75041-6146.

3. Defendant GALT MEDICAL CORP. is a Texas corporation who may be served through its President JAMES R. EDDINGS at 2220 Merritt Dr., Garland, Texas 75041-6146.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action under 17 C.F.R. §240.10b-5 as further asserted in the body of these pleadings. Plaintiff asserts that he was the victim of a device, scheme or artifice to defraud or other violation of said statute arising out of a joint

venture of Plaintiff and Eddings in early 1990 commenced with a telephone call from Eddings and letters sent through the U.S. mail at that time whereby Eddings and Plaintiff started their joint venture which continued up until the time in 1996 when Plaintiff became an employee of Galt and received an option (the "Option") for the purchase of stock of Galt, i.e. a security under 17 C F R §240.10b-5 of the United States Code, and until August 2, 2006 when Galt and Eddings refused to honor the Option.

All parties reside or conduct business in Dallas County, Texas.  This Court has personal jurisdiction over Defendants and venue is proper in this Court under 28 U.S.C. § 1391(b).  The Court has supplemental or pendent jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims made herein under state and common law because the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.

**Factual Background**

5. In 1990  Eddings approached Plaintiff and asked him to join him as a principal in a joint venture for the purpose of starting up a new medical device company.  In furtherance of the joint venture on or about March 22, 1990 Plaintiff provided a quote to Eddings for four coil winding machines of a type which he had previously deigned and manufactured with a cash price plus a stock share proposal in the company to be formed.  On or about April 30, 1990 Eddings presented a counter proposal at a much lower price with options of taking the price of the machinery in cash or stock and Eddings said "I am confident that the ultimate value to you by our

current and continuing relationship under my proposal will be much greater than you can imagine". The company which was formed in February 1991 by Eddings was named Galt Medical Corp. Plaintiff did work for Eddings as an independent contractor in the joint venture prior to Galt's formation and thereafter at all times relying on the fairness and honesty of Eddings in rewarding Plaintiff as promised with equity in Galt. However, later in 1991 Eddings puts that work on hold pending the raising of additional capital for Galt.

In 1995 Plaintiff continued his joint venture with Eddings and Galt doing some work for Galt as an independent contractor. In early 1996 Galt acting through Eddings, who is the sole director and officer of Galt at all times relevant hereto, approaches Plaintiff and hires Plaintiff as an employee of Galt. In consideration of Plaintiff taking a much reduced salary Galt also gave to Plaintiff annual options for the purchase of stock of Galt at $1.00 per share plus the Option for another 20,000 shares at an exercise price of $2.00 per share to be triggered when the Galt shares would be sold. Eddings represented and promised to Plaintiff that he would not have to pay the exercise price of the Option until he could sell said shares and profit from the sale along with all other stock holders of Galt at the time of sale of all of the Galt shares. There was never any discussion that the stock Option had any termination date and the total agreed consideration for the Option was paid when Plaintiff accepted his employment and the Option was thereby fully vested. Eddings from the start of the joint venture with Plaintiff had said that he had given others similar options in another company he had formed and sold and that those persons had become rich people in that manner.

Plaintiff would show this Court that in furtherance of the transactions Eddings contacted

Plaintiff by phone and thereafter on one or more other occasions to arrange meetings to discuss the commencement of the joint venture in which he made fraudulent representations to Plaintiff. In addition Plaintiff's employment and activities in furtherance of the transactions involved the design and manufacturing of equipment sold by Galt in interstate commerce and the transactions and ownership of the Option was related to stock in a company involved in interstate commerce.

   Galt from the date of its formation until August 2, 2006 was operated as the alter ego of Eddings.  No shareholder meetings were ever noticed or held and no financial information on Galt was ever delivered to any shareholder annually as required by law.  All decisions concerning issuance of shares and options from time to time were made solely by Eddings without any advice to existing shareholders as a group, and Eddings never sought or obtained approval of his actions and decisions by shareholders continuing up unto and including the time of the sale of all Galt shares and derivative rights including phantom shares and option shares on August 2, 2006. In fact in months leading up to the closing Eddings and Galt continued to defraud and deceive and lead Plaintiff on by suggesting and alluding that his shares would be increased to recognize his contributions made to the joint venture and Galt.  In fact, as shown by his deceit, Eddings never had any intention of delivering on these promises, though he was in total control at all times of that decision, as always.  This was likely done as Eddings wanted Plaintiff to continue to work for Galt in accomplishing unique work and services leading up to the closing including the moving of the Galt offices and manufacturing facilities.  On August 2, 2006 Galt's stock and certain derivative type equities were sold to a publicly traded company, Theragenics Corporation, for considerable profit for all stock holders and holders of derivative rights.  The value of the

20,000 shares of Plaintiff at the time of the sale, less the purchase price of $2.00 per share, would have netted Plaintiff approximately $150,000.00 if his Option had been honored.  Plaintiff demanded the Option be honored and Defendants asserted and still assert, despite Plaintiff's demands, that the Option terminated on or about October 10, 2002 and the Plaintiff's rights to the shares then expired.  Plaintiff denies that Galt could terminate the Option on October 10, 2002 and would show that if he had been told that there was an expiration on the Option or any right to vary it's original terms that he would not have agreed to a lesser salary than he was entitled to in 1996 and up to and through his employment that ended on or about October 10, 2001, all to his damage in the sum of at least $150,000.00.  At all times since the Option was given to Plaintiff in 1996 it was fully vested and non-revocable by it's terms and not required to be exercised except on the sale of the shares of Galt closed which only occurred on August 2, 2006.  Plaintiff did not suffer any damages from the ultimate denial of exercise of the fully vested Option he received in 1996 until August 2, 2006.

## Causes of Action

6. **10b-5 Violations;**   Plaintiff would show that the vested stock option given to Plaintiff as part of his employment package in 1966 was a security and that Defendants' actions in denying him his pay, which included the stock option, is a violation of Rule10b-5 (17 C.F.R. §240.10b-5). Defendants actions constitute a device, scheme or artifice to defraud Plaintiff who relied thereon and the making of  untrue statements of a material facts or the omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading and/or an act, practice, or course of business which

Defendants employed in its operations would operate as a fraud or deceit upon any person. Plaintiff would show that Defendants used an instrumentality of interstate commerce or the mails in carrying out the violations of 10b-5 asserted herein. Plaintiff would show that these actions were done knowingly and intentionally to benefit the Defendant Galt and Eddings and related entities of Eddings.

   **Scienter of Defendant Galt;**

On April 30, 1990 Defendant Eddings wrote to the Plaintiff concerning work that was to be performed for the joint venture then being commenced between Eddings and Plaintiff. In that letter Eddings states, among other things:

"I am writing..........concerning...........a company that I am in the process of forming.
With regard to our future relationship, I am very desirous of establishing an ongoing long term relationship with you. .....My preference would be for you to join the company full time as soon as possible....................we can come to an understanding with a salary that I can afford and have it augmented with some type of stock options.
I would want you to be a stockholder of the new company. I think that it is very important for all key personnel to have an equity position in the company as it is the only way to insure that you can enjoy the fruits of our collective efforts."

On or about February 28, 1991 Eddings incorporated the joint venture commenced on or about April 30, 1990 under the name Galt Medical Corporation. In reliance on Eddings statements and promises and in good faith Plaintiff worked for the joint venture between him and Eddings and then Galt on a job by job contract basis for less than his standard charges for materiels and labor until 1996 when he was hired by Eddings acting as the President, Secretary, Treasurer and sole Director of Galt. A part of the salary agreed upon at the time Plaintiff was hired as an employee in 1996 was the fully vested oral stock Option for 20,000 shares of Galt to

be exercised when Galt's shares were sold to the public or to any other person. At that time in 1996, Eddings, acting as Galt's President, Secretary, Treasurer and sole Director said:

"you will never have to come out of pocket for the purchase price of the 20,000 shares by exercise of your Option because you will exercise it when the stock of Galt is sold".

   Plaintiff only discovered in July 2006 that Eddings never caused any written terms of the Option to be included in any of the corporate stock records or minutes of Galt and neither Eddings nor Galt ever gave a written Stock Option Agreement to Plaintiff. Eddings was at all times, between the formation of Galt and the date of the sale of the stock of Galt, it's sole Director, President, Secretary and Treasurer, in complete control of all actions of Galt including it's failure to keep records required by law and it's failure to ever hold a single meeting of it's shareholders for over fifteen (15) years and it's failure to ever deliver to any shareholder during that period of time any annual financial information.

   Plaintiff alleges and believes that these actions ( and non-actions) of Galt were orchestrated by Eddings from April 30, 1990 to August 2, 2006 and specifically included the oral grant of the Option in 1996 rather than a written agreement so that he and Galt might alter the terms of the Option at will, which was actually attempted on or about October 10, 2001. At that time Plaintiff was fired by Eddings and Galt and Plaintiff was told that he now would have only one year to complete the purchase of the 20,000 shares by exercise of the Option, contrary to the terms of the Option, which was an attempt by them to defraud the Plaintiff by unilaterally altering the terms of the oral Option.

   That a transaction involving the sale of all of the shares of Galt to a third party occurred

on or about August 2, 2006 is undeniable and not in issue between the parties and that Galt refused to honor the terms of the Option and refused to issue the 20,000 shares to Plaintiff to permit him to sell them at that time.

Plaintiff did not assent to the attempted alteration of the terms of the Option in 2001and when it was time to exercise the Option on or about August 2, 2006 Defendants failed and refused to honor their contract and refused to issue the shares to Plaintiff so that he could deliver them to the purchaser of the shares of Galt, viz. Theragenics Corporation.  It is clear and obvious that the conduct of Eddings and Galt during the period of time from April 30, 1990 was fraudulent as to Plaintiff and in fact to all other shareholders, was severely reckless and that the parties intended to mislead Plaintiff when he accepted his employment in 1996 and provided services to Galt for which they never intended Plaintiff to be fully paid, when they failed and refused to perform their obligations under the terms of the Option. At the very least the facts establish circumstantial evidence of severe reckless if not intentional conduct in management of Galt and issuance of it's shares and stock options.

Defendant Galt acting through Eddings intentionally failed to properly document the Option so that it could alter the Option terms or attempt to alter the terms of the agreement with Plaintiff after Plaintiff had already supplied the services which were sought and solicited by Galt through its owner Mr Eddings and had obtained his employment.

    The failure to issue the Option in writing was at the least done with severe recklessness in its application when taken in conjunction with the oral promise made to Plaintiff that the shares would not have to be paid for until the Galt stock was sold and the parties realized the benefit of

their investment in Galt.

Further, Defendant's failure to inform Plaintiff at the time of the agreement for the Option that he would be required to pay for the stock upon his discharge from Galt, if that was the intent was at the least severely reckless and done with intent to mislead Plaintiff into supplying services that he would not have provided but for the promise that he would not have to pay for the 20,000 shares until Galt share were sold.

There is a strong inference from the conduct described above that Galt never intended to follow through with its original promise as stated to Plaintiff that he would not be required to pay for the stock covered under the Option until Galt sold its stock.

8. **Breach of Duty of Good Faith and Fair Dealing;** Plaintiff would show that through their dealings with one another the Plaintiff believed and was led to believe that he and Defendants developed a special relationship that was more than a mere employer/employee relationship. Plaintiff was induced by the Defendants to trust Mr. Eddings and to rely on his friendship and his honor to follow through with the promises and representations which induced Plaintiff to work for a sum of money far below what would have been his normal salary and/or compensation. Defendants failure to honor their agreements and to declare that the Option was terminated before the sale of Galt shares was a breach of said duty of good faith and fair dealing for which Plaintiff seeks recovery in the sums set out above.

9. **Breach of Fiduciary Duty;** Plaintiff would show that through his association with the Defendants, and the subsequent agreements to share profits based on stock ownership in the place of salary, that a fiduciary relationship developed and existed between the Plaintiff and

Defendants.  Plaintiff would show that the Defendants breached their fiduciary duties owed to Plaintiff by failing to follow through with their promises and representations and by taking advantage of Plaintiffs inferior bargaining position and knowledge of the inner workings of Galt and its agreements for stock purchases and transfers.  Defendants owed a duty of full disclosure to Plaintiff which they breached and a duty to properly evidence Plaintiff's rights to the 20,000 shares provided by the Option on the books and records of Galt, which they failed to properly document, all to Plaintiffs damage as set out above.

10. **Breach of Contract;** In the alternative, Plaintiff would show that Defendant Galt has breached its contract with Plaintiff by failing to honor Plaintiff's Option rights.

11**. Attorney's Fees;** Plaintiff would show that he is entitled to Attorney's fees herein through each stage of these proceedings.

12. **Exemplary Damages;** Plaintiff would show that he is entitled to exemplary damages herein because the actions of the Defendants were done intentionally, with malice and in fraud.

13. **Demand for Jury Trial**; Plaintiff demands a jury trial.

14. **Demand for All Other Relief**; Plaintiff demands all other relief in law and in equity to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and upon trial that he have judgement as follows;

1. Actual damages
2. Attorney's fees
3. Exemplary damages
4. Pre and Post Judgment interest
5. Costs of Court

6. Such other remedies available to Plaintiff at law or in equity.

        Respectfully submitted,

        **THE ROBINSON LAW FIRM**
        2704 Sherrill Park Ct.
        Richardson, Texas 75082
        972.918.0007 Office
        972.918.9995  Fax

       /s/ Michael E. Robinson
        MICHAEL E. ROBINSON
        Texas State Bar No. 17102700

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was sent via fax transmittal, regular mail or certified mail to all counsel of record on this the 2nd day of May, 2007.

        /s/ MICHAEL E. ROBINSON